# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LATASHA WILLIAMS,** | ) |
| Plaintiff(s), | ) |
| vs. | ) CIVIL ACTION NO.: |
| **DOLLAR TREE STORES, INC.,** a corporation; and **JENNIFER KING,** et al. | ) |
| Defendant(s). | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Dollar Tree Stores, Inc. (hereinafter "Defendant" or "Dollar Tree"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff, Latasha Williams, in the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice, Dollar Tree shows the following:

### A.  PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on September 20, 2017, in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2017-903965.00. The documents attached as Exhibit "A" constitute all of the process and

pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.Service of process was issued to Dollar Tree *via* certified mail on September 20, 2017, and Dollar Tree was served with a copy of the Summons and Complaint on or about September 27, 2017. Service of process was issued to Co-Defendant, Jennifer King, on September 20, 2017, and King was purportedly served with a copy of the Summons and Complaint on or about September 27, 2107.[1] [See Exhibit "A"]

3.This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Jefferson County, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

---

[1] Jennifer King denies service of process was proper or otherwise in accordance with Ala. R. Civ. P. 4, but King expressly waives her defenses under Fed. R. Civ. P. 12(b)(4) and (5) as evidenced by the filing of her Answer contemporaneously herewith.

6. Plaintiff is a citizen of the State of Alabama. [Exhibit "A" - Complaint, ¶ 1]

7. Dollar Tree is a foreign corporation with its principal place of business in the State of Virginia and which was formed under the laws of the State of Virginia. [Exhibit "A" – Complaint, ¶ 2; Answer of Dollar Tree, THIRTY-FIRST DEFENSE, ¶ 2] Thus, Dollar Tree is a citizen of the State of Virginia for the purposes of diversity jurisdiction.

8. Plaintiff also named "Jennifer King" as a party-defendant, alleging that King was a citizen of the State of Alabama, and that on September 20, 2015, she, as District Manager of the Dollar Tree, engaged in negligent, wanton and misconduct in causing Plaintiff's fall. [Exhibit "A" – Complaint, ¶¶ 3, 7-12]

9. However, "Jennifer King" was not the District Manager or an employee of the Dollar Tree store located at 7001 Crestwood Boulevard in September of 2015. While Jennifer King was a Dollar Tree district manager in 2010-2013, she left Dollar Tree's employment in November of 2013. In September of 2015, Jennifer King was an employee at the Dollar General store located at 14 Academy Drive, #104, Bessemer, Alabama, and King had no responsibilities for the Dollar Tree store on Crestwood Boulevard. [See Declaration of Jennifer King attached as Exhibit "B"].

10. Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity." The citizenship of every Plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F 3d 1559, 1564 (11th Cir. 1994)(*citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": that is, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921)(holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989). The filing of an illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court must disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). The doctrine of fraudulent joinder is a judicially created exception to the requirement that parties be completely diverse, and provides that an action may be removed from state court, despite the lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Under Eleventh Circuit precedent, joinder is fraudulent in three (3) situations: (1) when there is no possibility that the plaintiff can prove the cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of a jurisdictional issue; or (3) when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability <u>and</u> where the claim against the diverse defendant lacks a common question of law or fact. *Id. See also, Coker*, 709 F.2d at 1440; *Tapscott v. MSD Dealer Service Corp.*; 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled is conflicting with prior panel decision on other grounds like Cohen v. Office Depo, Inc.*, 204 F.3d 1069 (11th Cir. 2000). If any of these situations are present, the non-diverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id*.

  11. That the burden of proving fraudulent joinder rests with the removing defendant. *See, e.g., Coker*, 709 F.2d at 1440. The claim of fraudulent joinder must be supported by credible, clear and convincing evidence. *See Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). Parties may submit affidavits and deposition transcripts. *Coker*, 709 F.2d at 1440 (*citing B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

  12. In Plaintiff's Complaint, she identified a Jennifer King, as a party defendant, alleging she was the District Manager of the Dollar Tree Store on

Crestwood Boulevard in September of 2015. However, King was undisputedly **not** a Dollar General District Manager or employee of the Dollar Tree Store, or Crestwood Boulevard where the alleged incident occurred in September of 2015 [Exhibit "B"].

13. Since it is clear from Plaintiff's Complaint and the Declaration of Jennifer King that Plaintiff has identified an individual (i.e. King), who was not a District Manager or employee of the subject store in September of 2015, and since Jennifer King undisputedly had no job duties or responsibilities at the subject Dollar Tree Store in September of 2015, there is no possibility that Plaintiff can prove a cause of action against the purported resident-defendant, Jennifer King, who, was fraudulently joined in an attempt to defeat diversity jurisdiction. Thus, pursuant to the authoritative precedent referenced above, the alleged citizenship of the defendant identified as "Jennifer King" should be ignored by this Court for purposes of determining subject matter jurisdiction.

### C. AMOUNT IN CONTROVERSY

14. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

15. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

16. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17. Plaintiff's Complaint alleges claims of negligence, wantonness, and recklessness against Defendant and demands damages. [Exhibit A - Complaint].[2]

18. The Complaint, which seeks damages from Defendant, states in part that Plaintiff was injured and damaged as follows:

- past and future medical expenses;

- past and future physical pain;

- past and future mental anguish;

- lost wages; and

- permanent physical injury.

[Exhibit "A" – Complaint, ¶ 12].

19. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages

---

[2] Plaintiff's Complaint does not specifically claim punitive damages, but alleges wanton and reckless conduct and seeks "to recover a sum that will fairly and fully compensate her for her damages." [Exhibit "A", Complaint ¶ 8-13]

of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

20.  In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint.  *Bush*, 132 F. Supp. 3d 1321-22.  Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that

defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

21. Plaintiff's Complaint in the case at bar admittedly does not specifically claim punitive damages, but alleges wanton and reckless conduct on the part of Defendant, and Plaintiff does not expressly disclaim entitlement to more than $74,999.99. Nor does Plaintiff's Complaint categorically state that she will not accept more than $74,999.99. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

22. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time

that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id*. at 1061 (*quoting Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little since to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.*at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

23.     Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met or a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also*

*Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

24. Dollar Tree denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint.

25. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446.  See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. TIMELINESS

26. The removal is filed within thirty (30) days from when Dollar Tree was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

27. Dollar Tree satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a

copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 26th day of October, 2017.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-E51G)
WALKER MOSS (ASB-9873-W62M)
Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
        wmoss@carrallison.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 26th day of October, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

  _____ Facsimile transmission;
  _____ Hand Delivery;
  _____ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
  __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Stephanie Emens Balzli, Esq.
Shunnarah Injury Lawyers
2900 First Avenue South
Birmingham, AL  35233
sbalzli@asilpc.com

         /s/ Glenn E. Ireland
         OF COUNSEL